first case Colbert v. Rio Tinto. Good morning your honors and may it please the court my name is Kevin Green and I represent the lead plaintiff and appellant Anton Colbert in Colbert v. Rio Tinto and I want to begin by tackling head-on what I think is one of the defendants stronger points on the first issue which will be my focus and that is the abandonment issue and that is the part the principle of party presentation and the limitations of that and we have a case here that comes on appeal in an unusual posture where we have a private securities class action and in parallel an SEC enforcement action making very similar and largely identical allegations for the same district court and the district judge upheld part of the SEC's complaint while dismissing entirely the private securities complaint which is why it's on appeal and I want to suggest in particular that there are two ways to resolve that that issue in this unusual posture the abandonment issue one is more broadly to explore the the bounds and limits of abandonment as a principle in motion practice in district courts which is covered in our briefing but there's also a more narrow basis for decision here that I think compels reversal based on abuse of discretion and I want to go through the sequence of that just very briefly in our case briefing closed in December of 2018 on defendants motion to dismiss judge Torres issued the order in the SEC case partially upholding the complaint in March of 2019 and paragraph 91 involving the long-term opportunity statement was not addressed in the motion you have one minute left of your first three minutes thank you paragraph 91 was not addressed in the motion to dismiss opposition briefing but the SEC order is issued by judge Torres in March of 2019 three months after briefing closes and then the private securities case is dismissed in July of 2019 in part based on the abandonment rationale and then at that point the plaintiff moved for reconsideration and I think here to the extent the principle of party presentation was significant I think it evaporates at the motion stage under rule 59e because then it's it's indisputably presented that's what rule 59e is for it's a motion to alter the judgment and just to summarize the circumstances at that point a viable claim is alleged in the SEC order under paragraph 91 and the entry of judgment not being sacrosanct we have the same complaint in our action both before and after judgment it doesn't even involve leave to amend at least on paragraph 91 and we are at the pleading stage of litigation so I understand your argument that it doesn't make sense that that that paragraph 91 is a factual allegation doesn't make much sense that on a factual allegation is forfeited simply because it's not referenced in the briefing on the motion to dismiss but is that is that right in the context of securities fraud cases I mean your client is obligated to identify material misrepresentations or omissions and we analyze them statement by statement to make sure they're sufficiently will well pled so in this context you know is there an obligation to argue on a motion to dismiss or otherwise it's fair to say that you've implicitly abandoned reliance on that statement I think there's an obligation to argue it but judge let me send response to the last part of your question I think is crucial and that is what is the scope of any abandonment because that comes up much more commonly in the context of say there's a tort claim or a contract claim and the contract claim clearly is an argued to make it very simple right and here the record coming up includes reconsideration which is a legitimate part of the process where the the point is argued and the inconsistency is identified and didn't exist when the motion was briefed and securities fraud being one of the tougher areas to plead in civil litigation there's the benefit of the SEC order and the plaintiff seeking reconsideration and I think candidly the the lack of support for the reconsideration denial is illustrated by the rationales for it and and that is threefold first the plaintiffs have to plead loss causation well we've detailed in the briefs I think that's been done the defendant could I could I interrupt for a second and I just like to understand the argument you're making is it that factual allegations kind of broadly can't be waived because they're different or abandoned because they're different from legal arguments or it sounded like what you are arguing was something a little bit different which is more that this is somehow incorporated by reference from the SEC action well the latter is true in terms of how the complaint is structured it attached the SEC complaint and did incorporate it but what I what I try to suggest at the outset is there are two ways to analyze this first that factual allegations especially at the pleading stages litigation cannot be deemed abandoned and at least on on this record for reconsideration is timely sought and what does that mean that reliance on factual allegations can never be waived at the motion dismiss stage you could pull up any you could resort back to any factual legation allegation whether you've argued it or not I don't know how far back that would necessarily need to go on on this record but I think the fact that it's it's raised on reconsideration after there's there's an SEC order providing guidance on what what states a claim in the district courts view that's the same complaint on reconsideration so the the broader question of which which is is in the briefing of can a factual allegation in the abstract ever be waived I'm not sure it's necessary to explore the bounds of that I mean does does that require an intentional waiver one more minute of your total time left thank you does that require something more intentional as an intentional relinquishment of a known right or a waiver but as I reviewed this case in preparing I think that argument is there but more broadly I don't see how it's not an abuse of discretion to deny reconsideration here when the inconsistency is plainly identified and the rationales for sustaining reconsideration simply don't hold up if it could be can I ask let's assume for the moment that we agree with you about that could you address the loss causation argument briefly I know you're adversaries point to this analyst report on Rio Tinto's operations in Mozambique and say that it evidences the fact that that knowledge was widespread at the time with regard to the barging and in that defeat of the plausibility of loss causation here correct and I think that goes straight to the bounds of the just it can be considered for what it says and that's all it was offered for it's it's not for the truth and if my memory is correct judge Torres and SEC actions specifically declined to take judicial notice of it for that purpose and it was not in the as a matter of law at the pleading stage I don't see how that could well it can't be considered for truth the truth of the proposition that the government of Mozambique recently rejected Rio's proposal but it can be considered as circumstantial evidence that there was knowledge in the public domain about the barging issue I think it could be considered for that along with a mix of other news that that didn't flag that for the bulk of investors and is really more appropriate for summary judgment or trial there's no need for a massive restatement of financial results at the end of 2012 as everybody everyone already knew about it and the board chairman apparently was not aware at least as of late 2012 I have one question before you your time is expired remind me were there what if any differences were there between the way this issue was alleged in the SEC complaint as compared to how it was lodged in yours there are not significant differences of your honor it's principally in the form of relief sought by the SEC on behalf of the factual allegations no dramatic factual differences come to mind your honor the the only difference is I believe there was a tolling agreement in the SEC action which allows the SEC to pursue certain statements made before October of 2012 that does not apply to our case and and so the defendants have the benefit of that in terms of the number of statements that are actionable in our case if I have any time remaining I this was a November 2012 statement is that right that was one of the statements your honor there are five statements beginning in October of 2012 the one that was the subject of the abandon that's in November that's correct okay if I have any time remaining I'd appreciate reserving for rebuttal thank you thank you mr. Green may I proceed your honors yes mr. Kirsch yes thank you good morning your honors mark Kirsch for defendants appellees Rio Tinto PLC and Rio Tinto limited your honors we respectfully ask the court to affirm the judgment below as the court knows there are five dismissed statements raised on this appeal I'll issues relating to those statements mr. Albany's his counsel will address whether the so-called long-term opportunity and barging statements are actionable first the district court correctly found appellant abandon a long-term opportunity statement when opposing the motion to dismiss appellants brief defended nine alleged false statements in the section titled quote false statements made by defendants long-term opportunity wasn't mentioned or even cited there or anywhere appellant claims it's unfair the district court found he abandoned the statement when it survived a motion to dismiss in the SEC case there's nothing unfair about it justice appellant was the architect of his complaint he was the architect of his strategy to defeat the motion in constructing that defense he elected to abandon long-term opportunity and certain other statements he sought to revive long-term opportunity only after it survived the Pelly's motion to dismiss in the SEC case his wait-and-see approach isn't favored by courts and there was no ear error here much less clear now with respect to the bengal ramp-up in Africa growth statements the district court correctly ruled appellant failed to please you enter adequately there are no allegations mr. Parker with respect to the abandonment aren't the adequacy of the pleadings with respect to that issue essentially questions of law your honor respectfully we think this is actually a question of historical fact the district court reviewed the motion papers and decided that as a matter of fact appellant did not address in any way the long-term opportunity statement so we think the appropriate standard review there would be clear error as of course not not circuit help nix analysis well I guess I don't quite understand that this wasn't summary judgment this was a 12b6 inquiry so isn't the district court obligated to read the allegations in question and determine whether they adequately state a claim and and what I'm a little puzzled by is how she could conclude that they did in the SEC complaint but not in your adverse I think the answer is your honor that all we saw here was a trial lawyer doing what trial lawyers do every day which is when a complaint is challenged determining whether to send all of it to the very last claim or a securities case alleged misstatement or choosing what counsel thinks is best and what obviously to be its strongest nine misstatements abandoning several other alleged misstatements one of which was long-term opportunity what rule of civil procedure in your view authorizes that approach I guess I'd say I I don't know why it wouldn't be authorized your honor so under for example under rule 59e there is no oversight of controlling law here that we saw or missing a you know some crucial fact it was simply the judge determining that counsel counsel litigant made its own decision about what to press and what not to again the trial lawyers do that every single day but if you look at like if you look at the text of rule 12b6 sorry this is Judge Livingston you know we grant a motion to dismiss when the plaintiff pleading fails to state a claim upon which release can be granted and and I don't think there's any I mean correct me if I'm wrong but I don't think that there's a rule of civil procedure that is telling us that that we can deem the failure to talk about a particular factual veer meant as a basis to say it's impliedly been abandoned so your honor I would say that if if one took the view that nothing can be abandoned because of an absence of discussion you know securities class action case where you've got to talk about well you've got a plea your alleged misstatements if you took that point of view I think two things are true I think it does undermine the principle that a counsel litigant should be held to the consequences of the strategic judgments that happens even in cases of mistake which nobody's claiming here we're missing a filing deadline for example and the second principle undermines I think is one of judicial economy which is lawyers will know they don't actually have to defend specifically arguments that the other side is making because the court was required them to do its work for the counsel of litigant the wrinkle here is that judge Torres already concluded that that those allegations were sufficient yes but at the time the motion was made it was clear that plaintiff abandoned now excuse me appellant abandoned it and just now having seen that that that statement survived in another case decided to come back for a second bite of the apple but not as to other statements that the appellant abandoned only that one because appellants all know I think you had alleged this is Judge Park I think you had argued in your papers at some point that this was a strategic decision by plaintiffs and I was wondering if you could explain how that would be the case I don't really understand the strategy behind abandoning an argument based on a factual allegation and the civil case this case but not the SEC sure you are because I think it's just a it's it is a common practice where one one decides what to defend when should we have the entire complaints is challenged again one can defend it down to the very last weakest claim you're going to throw in but and but one typically chooses when challenged to decide okay what we're going to really stand up nothing literally nothing uncommon about it and so in an organized way appellant shows nine statements it presumably thought was the strongest but not the 10th not the 11th not the 12th and said we'll stand on these now that just we didn't work out for it and it sees an opportunity to Pelham sees an opportunity when the SEC case has a one of the abandoned statement survived and great I'll come back you have one minute left of your total time thank you your honor shall I dress well ma'am address lost causation briefly yes please thank you now it's an alternative basis of course for affirming the entire judgment below appellant doesn't dispute he relies solely on a corrected disclosure theory of loss causation however the relevant disclosures didn't purport to correct any prior alleged statement they announced RTCM was impaired as of January 2013 without mentioning any previous impairment determination moreover the announcements didn't purport to disclose anything new about earlier statements they noted the barging decision and the revised reserves and resources figures information already publicly known and which this court may take judicial notice for all these reasons I would respectfully ask the court to affirm the judgment below thank you thank you are thank you I'm Sarah Levine on behalf of Tom Albany is former CEO of Rio Tinto there are two statements by mr. Albany that issue in the briefing and neither statement is actionable the first statement is the statement that was the subject of the the argument so far the statement that was abandoned in November 2012 mr. Albany's described in the Lexi Basin on an analyst call in optimistic but cautious terms he said and this is the statement in full quote we continue to view the Moet C basin as a long-term opportunity with the potential to grow beyond 25 million tons per annum this circuits case law is clear that corporate officers can make optimistic statements about the future and the company's opportunities and prospects what they can't do is offer a guarantee of some concrete outcome or fact that turns out to be false or that doesn't occur here mr. Albany's a statement clearly indicates that he's not offering any guarantee to the contrary his comment was couched in cautionary terms first he noted RTCM was an opportunity not a sure success second he knows RTCM had the potential to grow beyond 25 million tons per year not that it certainly would finally he noted that any long term any potential would not be realized quickly and was only possible in the long term indeed allegations in the complaint itself indicate that the company was still working on RTCM and still believed it had significant upside for example the complaint expressly acknowledged that mr. Albany's had directed RTCM managers to seek out partners to construct or bring online rail operations to work on the infrastructure of challenge and that complaint that factual allegation in paragraph 57 is after it's subsequent to when Colbert appellate alleges that mr. Albany's received the bad news so after what according to them was the provision of adverse information they even acknowledged in their factual pleading that mr. Albany's instructed RTCM to the complaint also quotes from internal papers which showed that due to rising coal prices and potential development of adjacent projects RTCM had up to a billion dollars in potential following what they learned in the Brisbane meeting yes your honor so as is clear both in the factual allegations and then in the 2011-2012 this was an exploratory mining operation and there was tremendous uncertainty as would be typical for Rio Tinto in these types of nascent projects and as was disclosed repeatedly in the annual reports the the Brisbane meeting as described in the complaint is one where the team raises a set of issues and concerns which is again typical for these types of projects as is clear in face of our Rio Tinto's disclosures and mr. Albany's along with the company responds by pursuing the challenges and specifically Colbert himself alleges you know acknowledges that they shifted from focusing in the short term on burgeoning to focusing on rail and in fact they acknowledge that mr. Albany's in the from this project from RTCM in Benga to market that year the correct me if I'm wrong but in the Brisbane meeting they talked about a negative 600 million dollar valuation they actually they actually talk of a range of values and uncertainty in terms of what the value is and as as is reflected in the documents quoted in the complaint and appropriate for consideration that that set in motion a series of projects both studies as to the geologic and mineral situation and is to accounting including providing a copy of that report to to the controllers and as is clear in the brief Rio Tinto never had to issue every the auditors who are involved here never pulled their pulled their opinion because they stood by it based on the information they had at that time which again was typical for these types of projects which are inherently uncertain they proceeded to address the challenge meeting they knew they couldn't build a railroad no actually if you look at the even in the complaint at paragraph 57 they raised concerns about barging and concerns about the cost of independently building a complete railroad but then as Cobra himself acknowledges in the complaint mr. Albury Albany's instructed RTCM managers to seek out partners to construct or bring online rail operations to work on the infrastructure challenges so although the railroad the rail line alone cost 16 billion dollars if they built it alone and and Cobra himself acknowledges that mr. Albany's then and it's perfectly understandable directed the managers on the project to seek out partners to construct or bring online rail operations which was typical of these types of projects in these in these areas that did as is totally normal face significant infrastructure challenges and the notes of caution were so we're sufficiently clear that even the analysts participating in this seminar the same seminar where the statement was made they acknowledge the uncertainty because it was publicly known it was disclosed as was Rio Tinto obligation appellate quotes in their own complaint quote is going to be some years before Rio Tinto would do the big infrastructure thing the uncertainty was was part and parcel of this type of investment and it was known to the analysts as well I would also just clarify that our view is that given the discrepancy of the district courts ruling on on the pleading we believe that the district court was an error in the other litigation in the SEC litigation given this courts clear holdings regarding the requirement that a misstatements be material and we see that in cases such as tongue versus Santa Fe where the allegation that issue was that a company had had stayed defended what is the first what is the procedural posture of the SEC action we're at the close of expert discovery and the next major event would be dispositive briefing on summary judgment there are other claims that issue and there are other statements that issue supporting allegations allegedly for 10b so for this court to reach the issue as judge Parker as you indicated in your question the fact that they could you could reach in this posture the fact that this statement on its face is not actionable we would expect the district court to give effect to that but that case would certainly proceed including the pending can be claimed because there are other statements that issue in that action thank you miss Muldoon mr. Chapika yes just very briefly your honors Jeff Chapika from Paul Weiss on behalf of descendants happily mr. guy Elliott who is the former CFO of Rio Tinto as appellant has acknowledged there are only five statements remaining an issue in this case mr. Elliott was not the maker of any of those five statements and so dismissal as to mr. Elliott was proper and we'd ask you to affirm that judgment thank you mr. Green you reserve two minutes of rebuttal thank you your honor I'll be brief I have just two points first on on abandonment on this record it's it's really something of a misnomer it doesn't fit because paragraph 91 was in the complaint initially it's still in the complaint now it was in the complaint on reconsideration lead plaintiff didn't file for example a statement resting on its complaint as drafted and it properly sought reconsideration under rule 59e and really fact disputes going to the merits or other other inferences that can be drawn from the complaint or facts in in favor of the other side and of course at the the pleading stage has been judge Alito put it in Burlington Coat Factory quoted in our brief the court is required to credit the plaintiffs allegations and not the defendants responses on a motion to dismiss and with that I'll submit thank you thank you all very very nicely done yes we'll take the matter under advisement and move on to the next case